IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAY WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>BOTIE HILLHOUSE, UNIDENTIFIED DEPUTIES, TONY DUNCAN, NANCY PERRYMAN, SCOTT MCKEE, KRISTIE LAFFERTY, KEVIN LAFFERTY, CELESTE RICHMAN, EDWARD RISNER, TDFS WORKERS, CLINT DAVIS, DISTRICT ATTORNEY JENNY PALMER, U.S. MARSHALS, GREGG ABBOTT, FBI EMPLOYEES, OFFICE OF INSPECTOR GENERAL EMPLOYEES, RENEE TOLIVER, SAM LINDSEY, BETH NUE, TEXAS RANGERS, BROOK FULKS, JONATHON STORMENT, C TINSLEY, CHIEF OF POLICE ATHENS TEXAS, UNKNOWN DEPUTIES ATHENS TEXAS, T CLAY, ATHENS CITY COUNSEL MEMBERS, CHIEF OF POLICE VAN ZANDT COUNTY, UNKNOWN DEPUTIES VAN ZANDT COUNTY, VAN ZANDT COUNTY JUDGE, VAN ZANDT COUNTY DISTRICT JUDGE, VAN ZANDT COUNTY SHERIFF, UNKNOWN DEPUTIES VAN ZANDT COUNTY, VAN ZANDT COUNTY DISTRICT ATTORNEY, LISA CURRIE,<br><br>        Defendants. | CIVIL ACTION NO.  6:23-CV-00301-JCB |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

1

Plaintiff Jay Williams is an inmate currently incarcerated in the Henderson County Jail. On June 12, 2023, proceeding pro se, he filed the instant action complaining of violations pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He has not paid the filing fee or submitted a motion to proceed *in forma pauperis* ("IFP").

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially

noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

Plaintiff is no stranger to filing in federal court. Since May 1, 2023, he has filed twenty-nine cases in this district alone. *See* Case Nos. 6:23-cv-211, 6:23-cv-212, 6:23-cv-213, 6:23-cv-214, 6:23-cv-215, 6:23-cv-216, 6:23-cv-217, 6:23-cv-218, 6:23-cv-219, 6:23-cv-220, 6:23-cv-

221, 6:23-cv-222, 6:23-cv-223, 6:23-cv-224, 6:23-cv-225, 6:23-cv-226, 6:23-cv-227, 6:23-cv-228, 6:23-cv-229, 6:23-cv-230, 6:23-cv-236, 6:23-cv-256, 6:23-cv-257, 6:23-cv-258, 6:23-cv-260, 6:23-cv-263, 6:23-cv-298, 6:23-cv-300, and 6:23-cv-301. In the present case, Plaintiff sues Botie Hillhouse, Tony Duncan, Nancy Perryman, Scott McKee, Kristie Lafferty, Kevin Lafferty, Celeste Richman, Edward Risner, TDFW Workers, Clint Davis, District Attorney Jenny Palmer, U.S. Marshals, Gregg Abbott, unnamed FBI employees, unnamed Office of Inspector General Employees, Renee Toliver, Sam Lindsey, Beth Nue, Texas Rangers, Jonathon Storment, C Tinsley, Brook Fulks, Chief of Police of Athens, Texas, Uknown deputies, Lisa Currie, T Clay, Athens City Council members, a number of Van Zandt County employees, and a number of unidentified Defendants. (Doc. No. 1.) Plaintiff has already sued several of these individuals in this court and has been warned that repetitive filing of the same threadbare claims is malicious. *See, e.g.,* Case No. 6:23-cv-212 (Doc. No. 3), citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (holding that under § 1915(d) it was "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."); *Rhine v. Schmidt*, 517 F. App'x 274 (5th Cir. 2013) (holding that a complaint that was duplicative of a previously filed claim in another case was malicious under § 1915A(b)(1) and should have been dismissed without prejudice); *Scroggins v. Winn Corr. Ctr.*, 693 F. App'x 343, 344 (5th Cir. 2017) ("[a] prisoner's civil rights action is subject to dismissal as malicious if it repeats virtually identical claims based on a common series of occurrences.").

Plaintiff's present allegations state only conclusory claims that his family has been denied celebrating federal holidays, that six members of his family are falsely imprisoned, that he has been denied prescription drugs for four days, that his daughter has been denied medical attention, and that the Sherriff who signed the affidavit against his daughter lacked personal knowledge.

(Doc. No. 1, at 1.) As was previously explained to Plaintiff, he cannot engage in the unauthorized practice of law by bringing claims on behalf of other individuals. 28 U.S.C. § 1654; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). Thus, any claims brought on behalf of his daughter, Erin Dennis, including his allegations regarding lack of medical attention and knowledge regarding an affidavit, cannot be asserted by Mr. Williams as a representative in this action.  Mr. Williams has not pleaded any allegations to establish "next friend" status on behalf his daughter and "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber*, 570 F.2d at 514. Thus, the court finds that the filing of these claims on behalf of another individual is frivolous under § 1915A(b)(1).

Plaintiff's only other allegations are that he and his family have been denied celebrating federal holidays together, his family members are falsely imprisoned, and that he was denied prescription drugs for four days. (Doc. No. 1.) Again, to the extent Mr. Williams intends to assert claims on behalf of his family members, he cannot do so. *Weber*, 570 F.2d at 514. Moreover, Plaintiff's threadbare allegations fail to state a claim. *Iqbal,* 556 U.S. at 678. In order to state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought."  Fed.R.Civ.P. 8. Plaintiff must meet the Rule 8 requirements, and he must do so with particularity, providing sufficient facts supporting his allegations. *See Twombly*, 550 U.S at 545 (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684–85 (applying *Twombly* generally to civil actions pleaded under Rule 8).  Allegations that are implausible and unsupported by facts or evidence are insufficient to state a claim. *Id.* Plaintiff must include enough information to support each request for relief so that the named Defendants can understand the claims that are being brought against them and how they allegedly caused

Plaintiff's harm. Plaintiff has failed to do so here as he has failed to allege a constitutional violation or a basis for which the numerous named Defendants could be sued pursuant to § 1983. *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) ("[t]o establish a cause of action under § 1983, [] a party must [] show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States") (internal quotations omitted).

Having conducted screening pursuant to § 1915A, the court finds that the above-captioned action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Although a court should allow a pro se plaintiff every reasonable opportunity to amend his pleadings, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998), Section 1915A does not require that a plaintiff be given notice of an impending dismissal. Moreover, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); *see also Cockerham v. Jackson*, No. CV SA-17-CA-463-DAE, 2017 WL 8794288, at *2 (W.D. Tex. June 13, 2017) (finding that a show cause order advising the plaintiff of the deficiency of his allegations and giving the plaintiff an opportunity to amend would be pointless given the frivolous nature of the allegations).

Given that Plaintiff has asserted a variety of the same threadbare legal conclusions in twenty-nine different cases filed before this court, the court has serious doubts as to Plaintiff's desire or ability to assert a plausible claim in any of these actions. Plaintiff's repeated filing of frivolous actions is an abuse of the judicial process. The dismissal of the above-captioned action shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015).

## CONCLUSION

For the reasons discussed herein, the court **RECOMMENDS** that this action be dismissed with prejudice pursuant to § 1915A(b)(1). The court further **RECOMMENDS** that the dismissal of the above-captioned case shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba*, 103 F.3d 383.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 28th day of June, 2023.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE